UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

*CIVIL DIVISION*

DANIEL MCGUIGAN,                                             CASE NO.: 20-cv-5636

        Plaintiff,

vs.

PENN CREDIT CORPORATION

        Defendant.
_____/

## COMPLAINT

Plaintiff, DANIEL MCGUIGAN, by and through undersigned counsel, sues Defendant, PENN CREDIT CORPORATION, and alleges damages arising from Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

## JURISDICTION & VENUE

1. Jurisdiction for purposes of this action arises under 28 U.S.C. §1331 which grants this Court original jurisdiction of all civil actions arising under the laws of the United States.

2. Defendant conducts business in the Commonwealth of Pennsylvania with Defendant's principal place of business located in the Commonwealth of Pennsylvania, and as such personal jurisdiction is established.

3. Venue lies in this district pursuant to 28 U.S.C. §1391(b)(2) in that the cause of action occurred in Chester County, Pennsylvania.

## PARTIES

4. Plaintiff, DANIEL MCGUIGAN ("MCGUIGAN" or "Plaintiff"), is an adult individual residing in Chester County, Pennsylvania, and is otherwise sui juris.

5. Plaintiff is a "consumer" as defined under 15 U.S.C. §1692 (a)(3) of the FDCPA.

6. Defendant, PENN CREDIT CORPORATION ("PENN CREDIT" or "Defendant"), is a registered Pennsylvania for profit corporation, with a principal place of busines of 2800 Commerce Drive, Harrisburg, PA 177110.

7. The principle purpose of Defendant is the collection of debts owing to others through the mail and telephone, including Defendant's dealings with Plaintiff that is the subject of this lawsuit.

8. PENN CREDIT is a "debt collector" as defined under 15 U.S.C. §1692(a)(6) of the FDCPA.

## GENERAL ALLEGATIONS

9. Plaintiff allegedly owed an outstanding consumer debt that was past due (the "Debt").

10. Upon information and belief, the alleged Debt at issue arose out of a transaction, which was primarily for personal, family or household purposes as defined under 15 U.S.C. §1692a(5).

11. Upon information and belief, the original creditor hired Defendant to collect on the alleged Debt.

12. The Defendant attempted to collect the Debt and, as such, engaged in "communications" as defined by 15 U.S.C. §1692a(2).

13. Within the last year, Defendant continually contacted Plaintiff on Plaintiff's residential telephone line ending in 7581 in an attempt to collect the Debt.

14. Defendant caused Plaintiff's aforementioned telephone to ring at excessive and harassing rates, sometimes up to several times per day.

15. Defendant additionally disclosed they were collecting a debt from the Plaintiff to third parties, other than Plaintiff.

16. Defendant failed to send any information regarding the alleged Debt, after the initial phone communication, to the Plaintiff or the Plaintiff's attorney.

17. As a direct consequence of the Defendant's acts, practices and conduct, the Plaintiff suffered and continues to suffer damages, including, but not limited to, humiliation, anger, anxiety, emotional distress, frustration and embarrassment.

18. All the conditions precedent to the filing of this action have been complied with, satisfied, or otherwise waived by the Defendant.

## **COUNT I – VIOLATIONS OF THE FDCPA**

19. Plaintiff re-alleges and re-avers paragraphs 1 through 18 above, as if fully set forth herein.

20. Defendant's conducted violated 15 U.S.C. §1692d in that PENN CREDIT engaged in behavior of which the natural consequence was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

21. The Defendant's conduct violated 15 U.S.C. §1692d(5) in that Defendant caused the Plaintiff's home phone to ring repeatedly, with the intent to harass, abuse and annoy.

22. The Defendant's conduct violated 15 U.S.C. §1692g in that Defendant failed to provide a validation of Debt to the Plaintiff and/or the Plaintiff's attorney within the validation period, after the initial phone communication.

23. The Defendant's conduct violated 15 U.S.C §1692c in that Defendant communicated with third parties, other than Plaintiff or Plaintiff's spouse, that the Defendant was collecting a debt, and said debt was owed by Plaintiff.

24. The Defendant's conduct violated 15 U.S.C. §1692e(10) in that Defendant employed false and deceptive means to collect a debt.

25. The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA.

26. Defendant's acts as described above were done with intentional, willful, reckless and/or wanton disregard for Plaintiff's rights under the law and with the purpose of embarrassing and harassing the Plaintiff.

27. As a result of the PENN CREDIT's above violations of the FDCPA, Defendant is liable to Plaintiff for statutory damages, actual damages and attorney's fees and costs in bringing this action.

**WHEREFORE**, Plaintiff, DANIEL MCGUIGAN, demands judgment against Defendant, PENN CREDIT CORPORATOIN, for statutory damages, actual damages, costs, interest and attorney fees, and other relief this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial jury on all issues so triable.

Dated:  November 11, 2020.

    Respectfully submitted,

**MILL STONE LEGAL GROUP, LLC**

By: *s/ Matthew R. McGuigan*
    MATTHEW R. MCGUIGAN, ESQ.
    PA Bar No. 209964
    3333 W. Commercial Blvd., Ste. 115
    Fort Lauderdale, FL 33309
    Telephone: 754-227-1610
    Facsimile: 215-475-4764
    Email:  mmcguigan@millstonelegal.com